# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 06-CR-141-LRR |
| vs. | | |
| MONTRIVEL DEON WOODS, | | **ORDER** |
| Defendant. | | |

_____

## *I.  INTRODUCTION*

The matter before the court is Defendant Montrivel Deon Woods's "Motion for Recusal of Judge" ("Motion") (docket no. 82).

## *II.  RELEVANT PRIOR PROCEEDINGS*

On November 17, 2006, the grand jury returned a three-count Indictment (docket no. 1) charging Defendant with two counts of Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and one count of Conspiracy to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846 (Count 3).  On January 4, 2007, Defendant pled guilty to Count 3 of the Indictment.  On January 19, 2007, the undersigned accepted Defendant's plea of guilty.

On October 12, 2007, the undersigned held a hearing ("Sentencing Hearing") and sentenced Defendant to 248 months of imprisonment.  At the Sentencing Hearing, Defendant requested a downward variance based on the likelihood that the advisory Sentencing Guidelines would be amended following his sentencing and that this expected amendment would reduce his total offense level and advisory Sentencing Guidelines range. The court denied the Motion for Downward Variance and noted that, even if Congress adopted the amended guidelines, it would still impose the same sentence.

Defendant appealed his sentence.  On July 11, 2008, the Eighth Circuit Court of

Appeals remanded the case for consideration of whether Defendant's sentence should be modified in light of the retroactive amendments to the advisory Sentencing Guidelines affecting crack.

On February 5, 2009, Defendant filed the Motion. On February 6, 2009, the government filed a Resistance (docket no. 84). The court finds the Motion fully submitted and ready for decision.

### III. LEGAL STANDARD

Defendant asks the undersigned to recuse from this case, pursuant to 28 U.S.C. § 455. The statute provides:

> **(a)** Any . . . judge . . . of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.
>
> **(b)** [She] shall also disqualify [her]self in the following circumstances:
>
> > **(1)** Where [she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455. "A judge is statutorily required to disqualify [herself] in certain cases of apparent or actual bias or prejudice. Apparent bias or prejudice exists where 'impartiality might reasonably be questioned.' 28 U.S.C. § 455(a). Actual bias or prejudice exists where a judge has a 'personal bias or prejudice concerning a party . . . . *Id.* at § 455(b).'" *United States v. Walker*, 920 F.3d 513, 516 (8th Cir. 1990).

The Motion is not clear as to whether Defendant is seeking recusal under 28 U.S.C. § 455(a) or (b). Defendant cites § 455(a), however, his argument appears to include § 455(b) as well. Out of an abundance of caution, the court shall evaluate the Motion under both §455 (a) and (b).

# IV. ANALYSIS

## A.    Actual Bias or Prejudice

The court first considers the ground for recusal set forth in 18 U.S.C. § 455(b). "Disqualification for lack of impartiality must have a reasonable basis." *Ouachita Nat'l. Bank v. Tosco Corp.*, 686 F.2d 1291, 1300 (8th Cir. 1982). Establishing bias or prejudice "requires a showing that the judge had a disposition 'so extreme as to display clear inability to render fair judgment.'" *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (citing *Denton*, 434 F.3d at 1111).

Defendant argues that the undersigned has "prejudged his resentencing" by commenting that, even if the then-proposed amendments to the advisory Sentencing Guidelines were enacted, the court would still impose the same sentence. Memo in Support of Motion for Recusal of Judge ("Memo") (docket 82-2), at 2. Defendant points to no evidence of purported bias other than the court's statement regarding the alternate sentence. Defendant has failed to provide any legal authority in support of this argument.

"Opinions formed by a judge as a result of what a judge has observed in earlier proceedings may not be characterized as bias or prejudice." *United States v. Nelson*, No. 07-3071, 2008 WL 4697018, *4 (8th Cir. Oct. 27, 2008) (citing *Liteky,* 510 U.S. at 551 (1994)). "The limited exception is where the circumstances demonstrate 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (citing *Liteky*, 510 U.S. at 555).

*United States v. Jenkins*, 141 F.3d 850 (8th Cir. 1998) (per curiam), is instructive.[1]

---

[1] The Eighth Circuit Court of Appeals did not mention whether the defendant in

(continued…)

In *Jenkins*, the defendant was convicted of various drug-related offenses and sentenced to life in prison. 141 F.3d at 851. Nearly three years later, Defendant filed a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon a retroactive amendment to the Drug Quantity Table. *Id.* The case was set for hearing and assigned to a different district court judge. *Id.* Prior to the hearing, the judge to whom the case was reassigned prepared findings which, among other things, reconfirmed the findings of the first sentencing. *Id.* The defendant was again sentenced to life in prison. *Id.* The defendant argued that he was entitled to be resentenced before yet another judge because the second judge "came to the hearing with his mind made up." *Id.* at 852. The Eighth Circuit Court of Appeals held that the defendant did not meet the "rigorous" standard for recusal set forth in *Liteky*. *Id.* Rather, the court found that "reading [the] record [from the previous sentencing], forming tentative opinions, and preparing tentative written findings and conclusions before the hearing [did] not exhibit 'deep-seated favoritism or antagonism.'" *Id.* (citing *Liteky*, 510 U.S. at 555). Rather, "it reflect[s] diligence, careful preparation, and an efficient approach to managing the court's docket." *Id.*

Like the defendant in *Jenkins*, Defendant argues the undersigned has already made up her mind regarding the resentencing, and, therefore, the resentencing should be assigned to a different judge. The Eighth Circuit Court of Appeals has already rejected a similar argument in *Jenkins*. *Id.* Alternate sentences are a common practice for courts. Furthermore, Defendant has failed to meet the standards for recusal set out in *Liteky* and *Denton*. Accordingly, the court will not recuse on the basis of actual prejudice or bias.

### B.      *Apparent Bias or Prejudice*

A second ground for recusal is set forth in 18 U.S.C. § 455(a). Under 18 U.S.C. § 455(a), "[a] judge must recuse if '[her] impartiality might reasonably be questioned'

---

[1](...continued)
*Jenkins* was seeking recusal under 28 U.S.C. § 455(a) or 455(b).

4

because of bias or prejudice." *United States v. Burnette*, 518 F.3d 942, 945 (8th Cir. 2008) (quoting 28 U.S.C. § 455)), *cert. denied*, 2008 WL 2364260 (U.S. Oct. 6, 2008) (No. 07-11317). "Section 455(a) provides an objective standard of reasonableness." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006). "[T]he recusal inquiry must be 'made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'" *Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 924 (2004) (Scalia, J.) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). "The issue is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" *Id.* (quoting *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). "[B]ecause a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *Id.* (citing *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Defendant's sole argument in support of recusal is that the undersigned has already "prejudged" the resentencing by providing an alternate sentence. Memo at 2. Again, it is well settled that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. 540, 555 (1994). "'Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Jenkins*, 141 F.3d at 852 (quoting *Liteky*, 510 U.S. at 555).

Furthermore, providing an alternate sentence does not display a "deep-seated favoritism or antagonism that would make fair judgment impossible." *See Liteky*, 510 U.S. at 555. Rather, it helps the parties and appellate courts understand the district court's reasoning behind the sentence imposed. A reasonable person knowing the facts of this case would not conclude the undersigned should recuse herself. Defendant has not met his burden under 28 U.S.C. § 455(a) and, accordingly, the undersigned will not recuse on the

basis of apparent bias or prejudice.

### *V.   CONCLUSION*

In light of the foregoing, the Motion (docket no. 82) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of February, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA